UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES ANIBOL VELEZ, | ) | |
| Plaintiff, | ) ) ) | Case No. 3:24-cv-398 |
| v. | ) ) | Judge Atchley |
| KNOX COUNTY SHERIFF'S OFFICE, *et al.*, | ) ) ) | Magistrate Judge McCook |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed at the Knox County Detention Facility, filed a (1) complaint under 42 U.S.C. § 1983 [Doc. 1] and (2) two motions for leave to proceed *in forma pauperis* [Docs. 4, 8]. For the reasons set forth below, the Court **GRANTS** Plaintiff's second motion to proceed as a pauper, **DISMISSES** the first as moot, **DISMISSES** certain claims and Defendants, and permits Plaintiff to **PROCEED** on a use-of-force claim against Defendants Miles, Collier, and Perry in their individual capacities.

I. **MOTIONS TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's second motion to proceed *in forma pauperis* [Doc. 8] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 8] will be **GRANTED** and his first motion [Doc. 4] will be **DISMISSED** as moot.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market

Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     SCREENING OF COMPLAINT

    A.     **Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

At approximately 8:00 a.m. on May 26, 2024, Plaintiff asked Correctional Officer ("CO") Miles "to get his supervisor" at the Knox County Detention Facility. [Doc. 1 at 6]. CO Miles "got rude and denied the request[,]" so Plaintiff "refused to lockdown[.]" [*Id.*]. In response, CO Miles and three other officers escorted Plaintiff to his cell. [*Id.*]. En route, CO Collier broke four of Plaintiff's ribs by kicking him in the back. [*Id.*]. When Plaintiff "defended [him]self," CO Collier broke Plaintiff's jaw and broke his left orbital socket. [*Id.*]. After Plaintiff reached a confinement cell, "they (approximately 8 officers)" broke three of Plaintiff's vertebrae by hitting him "hard enough for the fractures to splinter[.]" [*Id.*].

The Knox County Detention Facility refuses to give Plaintiff pain medication for the injuries caused by its officers, and "when they do" give pain medication, they charge him a fee [*Id.*]. Additionally, Plaintiff has not been permitted "to file incompat[i]bles against the three officers (Miles, Collier, [and] Perry)." [*Id.*]. As a result, Plaintiff's "PTSD is off the charts," and he cannot obtain medical help for that, either. [*Id.*].

Aggrieved, Plaintiff filed the instant action against the Knox County Sheriff's Office and COs Miles, Collier, and Perry seeking $10 million in damages, therapy, pain medication, and surgery. [*Id.* at 2, 4, 5].

C. **Analysis**

Although Plaintiff's custodial status was not made explicit in his complaint, the Court assumes he was a pretrial detainee for screening purposes and applies the arguably greater protections of the Fourteenth Amendment to Plaintiff's claims.[1]

1. **Official-Capacity Claims**

Plaintiff has named the Knox County Sheriff's Office as a Defendant in this action. But the Knox County Sheriff's Office is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Therefore, Plaintiff cannot maintain suit against the Knox County Sheriff's Office.

Knox County, however, is a proper Defendant. But for Plaintiff to state a claim against Knox County, or against any of the individual Defendants in their official capacities, he must plausibly allege that a custom or policy of Knox County caused a violation of his constitutional rights.[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring)

---

[1] A pretrial detainee's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Despite the distinct constitutional provisions protecting the differing custodial designations, the protection offered by the Due Process Clause is "similar if not greater" than those afforded by the Eighth Amendment to convicted prisoners. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998)); *see also Griffith v. Franklin Cnty., Ky.,* 975 F.3d 554, 566 (6th Cir. 2020).

[2] Plaintiff's claims against the individual Defendants in their official capacities are actually against the individual Defendants' employer, Knox County, Tennessee. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits

4

(explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs"). Plaintiff does not do so. Accordingly, the Court will **DISMISS** Defendant Knox County Sheriff's Office and all official-capacity claims against the individual Defendants.

### 2. Individual-Capacity Claims

To state a claim against the individual Defendants, Plaintiff must adequately plead that each Defendant, by his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

### i) Medical Care

Plaintiff states that he has been denied medical care and charged for medical care necessitated by officers' conduct [Doc. 1 at 6]. As a presumed pretrial detainee, Plaintiff states a viable claim that his constitutional right to medical care was violated by demonstrating that (1) he had a sufficiently serious medical need, and (2) the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either

---

generally represent only another way of pleading an action against an entity of which an officer is an agent.").

known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted).

The Court assumes that the injuries suffered by alleged the use-of-force against Plaintiff on May 26, 2024, required medical care. But it is apparent from Plaintiff's recitation of his injuries that he has received some medical treatment, and his complaint does not contain any facts that would permit the Court to plausibly infer that one or more Defendants responded to his need for additional medical (or mental health) treatment with the requisite culpability. That is, he has not alleged facts allowing the inference that one or more Defendants responded to his serious medical needs with "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted).

Further, a policy of requiring an inmate to pay for his medications is not constitutionally prohibitive. *See Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3rd Cir. 1997) (holding deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society); *Bailey v. Carter*, 15 F. App'x 245, 250–51 (6th Cir. 2001) (holding policy requirement of payment for medical services, where funds are available, does not violate an inmate's constitutional rights); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation). Accordingly, Plaintiff has failed to state a plausible § 1983 claim regarding his medical treatment, and the Court will **DISMISS** this claim against all named Defendants.

### ii) Use-of-Force Claims

First, the Court notes that at one point in his complaint, Plaintiff maintains that "approximately 8 officers" broke his vertebrae, while he contends sentences later that COs Miles, Collier, and Perry are responsible for "excessive force" [Doc. 1 p. 6]. Because Plaintiff has only

6

identified Defendants Miles, Collier, and Perry, the Court confines its discussion of this claim to those individual officers.

To challenge these Defendants alleged use of force as unconstitutional, Plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'" *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (citing *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (citing *Kingsley*, 576 U.S. at 397).

Under the facts presented by Plaintiff, the Court finds Plaintiff has plausibly alleged that Defendants COs Miles, Collier, and Perry used force against Plaintiff that was excessive to the need. Accordingly, the Court will permit a use-of-force claim to **PROCEED** against Defendants Miles, Collier, and Perry individually.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 8] is **GRANTED**, and his first motion [Doc. 4] is **DISMISSED** as moot;

2. Plaintiff has set forth a plausible claim that Defendants CO Miles, Collier, and Perry subjected him to an unconstitutional use of force, and this claim will **PROCEED** against these Defendants in their individual capacities;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Miles, Collier, and Perry;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

5. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

6. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

7. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant;

8. All other claims and Defendants are hereby **DISMISSED**; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**