# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JAMES ANIBOL VELEZ, | ) | |
| *Plaintiff*, | ) | Case No. 3:24-cv-398 |
| v. | ) | Judge Atchley |
| C.O. MILES, C.O. COLLIER, and C.O. PERRY, | ) | Magistrate Judge McCook |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court permitted Plaintiff to proceed in this pro se prisoner's civil rights action under 42 U.S.C. § 1983 on claims that Officers Miles, Collier, and Perry ("Defendants") subjected him to an excessive use of force while he was incarcerated at the Knox County Detention Facility. [Doc. 9]. The Court denied Defendants' subsequent motion to dismiss this action based on qualified immunity and Plaintiff's failure to state a claim, [Doc. 24], instead permitting Plaintiff an opportunity to amend his complaint to cure its deficiencies, [Doc. 29]. Plaintiff filed an amended complaint, [Doc. 31], and Defendants filed another motion to dismiss, [Doc. 39]. This motion, [Doc. 39], is now before the Court. Plaintiff has failed to substantively respond to Defendants' motion,[1] and the deadline to do so has passed. [*See* Doc. 47 at 4]. Consistent with the Court's Local Rules, the Court finds Plaintiff has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. Having fully considered the Parties' pleadings and the applicable law, the Court finds Plaintiff has

---

[1] Defendants filed their motion to dismiss in June 2025. [Doc. 39]. Plaintiff sought an extension of time to respond, [Doc. 41], and the Court granted Plaintiff through September 5, 2025, to respond to the motion, [Doc. 42]. Plaintiff then requested the appointment of counsel, [Doc. 45], which the Court denied, [Doc. 47]. On or about September 9, 2025, Plaintiff filed a "Motion to Rebute [sic] Defendants['] Motion to Dismiss Pro-Se Prisoners Civil Rights Amended Complaint[,]" in which he argued a need for counsel and discovery to "act as burden of proof against the arguments prepared by" Defendants. [Doc. 46]. The Court denied Plaintiff's requests and ordered Plaintiff to file any desired response to Defendants' motion by October 3, 2025, noting that it would presume Plaintiff waived opposition to Defendants' motion if he failed to timely respond [Doc. 47 at 4]. Despite this warning, Plaintiff did not respond.

failed to plausibly allege that any named Defendant violated his clearly established constitutional rights. Therefore, Defendants' motion [Doc. 39] will be **GRANTED**.

I. ALLEGATIONS OF AMENDED COMPLAINT

On May 26, 2024, Plaintiff, a pretrial detainee housed at the Roger D. Wilson Detention Facility, asked Corrections Officer ("CO") Miles to get him a superior officer so that Plaintiff could complain about CO Miles's behavior. [Doc. 31 at 4]. CO Miles refused and told Plaintiff to lock down. [*Id.*]. Plaintiff refused to do so until CO Miles "got [Plaintiff] a Lt., Cpt., or Sgt. to speak to." [*Id.*]. CO Miles called security [*Id.*].

Plaintiff was being escorted to his cell by COs Collier, Perry, and Miles when CO Collier kicked Plaintiff "in [his] back left side[,]" thereby breaking Plaintiff's ribs. [*Id.*]. Then, "they proceeded to attempt to slam" Plaintiff into a closed cell door. [*Id.*]. "After the door was opened[,] [Plaintiff] struck in self[-]defense." [*Id.*]. CO Collier then punched Plaintiff in the face twice, fracturing Plaintiff's facial bones. [*Id.*]. Plaintiff was rendered "semi-uncon[s]cious" and next remembers "multiple people on [his] back" as he was lying prone being handcuffed. [*Id.*]. At that point, Plaintiff was "no longer able to resist." [*Id.*].

When Plaintiff was placed in Unit 6, "they were again all on [his] back[,]" breaking several of Plaintiff's vertebra. [*Id.*]. Plaintiff specifically remembers COs Miles and Perry on his back as he lay on the floor bleeding. [*Id.*]. Plaintiff requested to view the surveillance video and bodycam footage of the incident, but he was not permitted to do so. [*Id.* at 4–5]. He asks the Court to award him $10 million in damages "and order all parties to be fired[.]" [*Id.* at 6].

II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted[,]" a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the court asks whether the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Such a determination requires the plaintiff to present facts that permit the court to infer "more than the mere possibility of misconduct[.]" *Id.* at 679. And for purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to "allegations that are conclusory or require unwarranted inferences based on the alleged facts[,]" *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015), or to a "legal conclusion couched as a factual allegation[,]" *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

Plaintiff has confirmed he was a pretrial detainee at the time relevant to this action [*See* Doc. 31 at 4]. Therefore, Plaintiff's constitutional protections are derived from the Fourteenth Amendment. *See, e.g.*, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (holding that when considering a state's conduct toward a pretrial detainee, "the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment"). To state a colorable Fourteenth Amendment excessive force claim, a detainee must allege facts that, taken as true, plausibly support the conclusion "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

"The reasonableness of the force turns on the facts and circumstances of the particular case, and '[a] court must make this determination from the perspective of a reasonable [official] on the scene, including what the [official] knew at the time, not with the 20/20 vision of hindsight.'"

3

*Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (quoting *Kingsley*, 576 U.S. at 397). Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (citing *Kingsley*, 576 U.S. at 397). Additionally, any inquiry into a use of force "should also account for the legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, and defer when appropriate to policies and practices that in th[e] judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Coley v. Lucas Cnty.,* 799 F.3d 530, 538 (6th Cir. 2015) (internal citations and internal quotation marks omitted).

Defendants maintain that Plaintiff's amended complaint fails to overcome the defense of qualified immunity and fails to state a claim upon which relief may be granted. [*See generally* Doc. 39]. Qualified immunity is a defense that protects governmental employees from individual "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (citation omitted). It is a defense that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Once the defense has been raised, a plaintiff bears the burden of showing that a defendant is not entitled to qualified immunity. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). To do so at the motion to dismiss stage, a plaintiff must allege facts making it plausible the challenged conduct (1) violated a "constitutional right" of plaintiff, and (2) that right was "clearly established"

4

such that "a reasonable officer would have known that his conduct violated it." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Crawford*, 15 F.4th at 762–63; *see also Johnson v. Moseley*, 790 F.3d 649, 652 (6th Cir. 2015) ("At the pleading stage, this burden is carried by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right."). The Court considers the law as it existed at the time of the challenged conduct. *Crawford*, 15 F.4th at 760 (citing *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)).

With regard to the specificity required for this analysis, the Sixth Circuit recently explained as follows:

> In identifying clearly established rights, the Supreme Court warns lower courts against defining them "at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). The claimant must show that the right's contours were "sufficiently clear" such that "every reasonable official would have understood" that the officer's actions violated it. *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). That usually means the claimant must identify a case with facts "similar enough that" it "squarely governs this one," *Lee v. Russ*, 33 F.4th 860, 863 (6th Cir. 2022) (quotation omitted), what amounts to "on-point caselaw that would bind a panel of this court," *Bell v. City of Southfield*, 37 F.4th 362, 368 (6th Cir. 2022).
>
> All of this explains why some Fourth Amendment principles, well established though they are, offer little guidance in qualified-immunity cases. Take the general rule that an arresting officer's force must be "objectively reasonable" given "the facts and circumstances" he faced. *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Or take the principle that the reasonableness of an officer's actions turns on the severity of the crime at issue, the threat to police or public safety, and the resistance or not of the suspect. *Id.* at 396. These general principles clearly establish the answer only for obvious violations. For everything else, the clarity of the rule depends "very much on the facts of each case" and the application of refined Fourth Amendment principles. *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam).

*Moore v. Oakland Cnty.,* 126 F.4th 1163, 1167–68 (6th Cir. 2025).[2]

---

[2] Although *Moore* discusses Fourth Amendment principles, "a pretrial detainee's excessive force claim brought under the Fourteenth Amendment's Due Process Clause is subject to the same objective standard as an excessive force claim brought under the Fourth Amendment." *Clay v. Emmi*, 797 F.3d 364, 369 (6th Cir. 2015).

5

Where multiple defendants are involved, the Court must assess each defendant's entitlement to qualified immunity separately. *See Smith v. City of Troy*, 874 F.3d 938, 944 (6th Cir. 2017). That is, Plaintiff's "allegations must demonstrate that each defendant officer, through his or her own individual actions, *personally* violated [P]laintiff's rights under clearly established law." *Johnson*, 790 F.3d at 653 (citations omitted).

Before considering each officer's individual actions, the Court notes that Plaintiff admits the events in his amended complaint began when he disobeyed Officer Miles's order "to lock[]down," which resulted in security being called, and Plaintiff being escorted to his cell. [Doc. 31 at 4]. And, as set out more fully below, the Court finds the allegations of the amended complaint have the same deficiencies as the original complaint—they fail to nudge Plaintiff's "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### A. Officer Collier

Plaintiff alleges that (1) Officer Collier kicked Plaintiff in the back on his left side, breaking his ribs, during the escort to Plaintiff's cell; (2) presumably was involved in the "attempt to slam [Plaintiff] into the cell door which was closed"; (3) and punched Plaintiff twice in the face causing several factures" after Plaintiff "struck in self[-]defense." [Doc. 31at 4].

But Plaintiff has not pled any facts from which the Court can evaluate whether Plaintiff was actively resistant or assaultive at the time, what legitimate penological needs were at stake, whether the use of force was disproportionate to the need, or what "split-second judgment" was or was not made by Officer Collier before he allegedly kicked Plaintiff in the back. *Siders v. City of Eastpointe*, 819 F. App'x 381, 388 (6th Cir. 2020); *Coley*, 799 F.3d at 538.

Plaintiff has not pled any such facts regarding his alleged jaw injury, either. Plaintiff admits he was not yet restrained when three officers "attempt[ed] to slam [him] into the cell door" [Doc.

6

31 at 4]. Plaintiff states that Officer Collier struck him in the face only after Plaintiff allegedly "struck in self[-]defense." [*Id.*]. And Plaintiff admits he was resistant until he was on the ground placed in handcuffs. [*Id.*]. Punching a suspect may be unreasonable in some circumstances, but it can also be a reasonable, "split-second judgment" in light of "circumstances that are tense, uncertain, and rapidly evolving[.]" *Brax v. City of Grand Rapids*, 742 F. App'x 952, 956 (6th Cir. 2018) (citation omitted). Here, Plaintiff has failed to provide the Court with sufficient facts to permit the plausible inference that the strikes were objectively unreasonable.

Plaintiff's lack of any context to Defendants' use of force makes the factual allegations consistent with conduct that is actionable and conduct that is not. Thus, the Court must reject as conclusory any contention that the force used by Officer Collier was excessive. *See Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." (citing *Iqbal*, 556 U.S. at 678)). And the factual allegations that are presented are insufficient to raise a right to relief above a "speculative level." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Accordingly, Plaintiff has failed to plausibly allege a clearly established Fourteenth Amendment violation regarding these allegations, and Officer Collier is entitled to qualified immunity.

### B. Officers Miles and Perry

Plaintiff alleges that Officers Miles and Perry were on his back in Unit 6, and that his back was broken during that encounter. [Doc. 31 at 4]. But Plaintiff offers no facts to provide context to Officer Miles and Perry's behavior. And the fact that Plaintiff suffered serious injury because of this encounter is not, without more, sufficient to determine that the conduct was objectively unreasonable.

7

At the time Plaintiff entered Unit 6 and officers got onto his back, he was handcuffed. [Doc. 31 at 4]. Perhaps he was physically non-resistant and subdued, rendering any need for any force unnecessary. *See, e.g., Coley*, 799 F.3d at 538–39. Or perhaps he was pulling away from officers or otherwise physically resisting, threatening officers, or being verbally hostile, such that the force used might have been reasonable. *See, e.g.*, *Siggers v. Renner*, 37 F. App'x 138, 140 (6th Cir. 2002) (holding use of pepper spray on inmate who refused to obey orders and was perceived as "an immediate and direct threat to the security of the institution" was not excessive); *Buckley v. Haddock*, 292 F. App'x 791, 792–93, 796 (11th Cir. 2008) (finding no excessive force when officer used taser in drive-stun mode against a handcuffed subject that was lying on the ground, crying and refusing to stand). The Court does not know which type of scenario confronted the officers, because despite affording Plaintiff an opportunity to file an amended complaint to disclose these precise facts, [*see, e.g.*, Doc. 47 at 4], he has failed to do so. And without such well pled facts, the Court cannot conclude that Officers Miles or Perry plausibly violated any clearly established right of Plaintiff. *See, e.g., Siders*, 819 F. App'x at 388; *Coley*,799 F.3d at 538.

Therefore, the Court rejects as conclusory any contention that the force used by Officer Miles and/or Perry was excessive. *See Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). And the factual allegations that are presented are insufficient to raise a right to relief above a "speculative level." *Handy-Clay*, 695 F.3d at 538. Accordingly, Plaintiff has failed to plausibly allege a clearly established Fourteenth Amendment violation on the facts presented, and Officers Miles and Perry are entitled to qualified immunity.

### IV. CONCLUSION

Plaintiff has failed to meet his burden of alleging particularized facts allowing the plausible inference that any Defendant's conduct violated his clearly established constitutional rights.

8

Therefore, the Court will **GRANT** Defendants' motion to dismiss [Doc. 39], and this action will be **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall enter.

    **SO ORDERED.**

                                        */s Charles E. Atchley, Jr.*
                                        **CHARLES E. ATCHLEY, JR.**
                                        **UNITED STATES DISTRICT JUDGE**