UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES ANIBOL VELEZ, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 3:24-cv-398 |
| v. | ) ) | Judge Atchley |
| C.O. MILES, C.O. COLLIER, and C.O. PERRY, | ) ) ) ) | Magistrate Judge McCook |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's civil rights action under 42 U.S.C. §1983. Before the Court is Defendants' motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 50]. Plaintiff has responded in opposition. [Doc. 51]. For the reasons set forth below, Defendants' motion [Doc. 50] will be **DENIED**.

**I.     BACKGROUND**

Plaintiff was permitted to proceed in this action on a claim that Defendants subjected him to an excessive use of force while he was incarcerated at the Knox County Detention Facility. [Doc. 9]. Defendants moved to dismiss the action based on qualified immunity and Plaintiff's failure to state a claim, [Doc. 24], but the Court denied the motion and permitted Plaintiff to amend his complaint, [Doc. 29]. Plaintiff filed an amended complaint, [Doc. 31], that Defendants also moved to dismiss, [Doc. 39]. By Order entered October 17, 2025, the Court found that Plaintiff failed to allege facts from which the Court could plausibly infer that any Defendant violated Plaintiff's clearly established constitutional rights, and it granted Defendants' motion to dismiss and dismissed this action without prejudice. [*See* Docs. 48, 49].

On October 22, 2025, Defendants filed a "Motion to Alter or Amend[,]" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, maintaining that the dismissal of Plaintiff's action without prejudice is a "'clear error of law' which should be altered or amended to 'prevent manifest injustice.'" [Doc. 50 at 2 (citing FED. R. CIV. P. 59(e))]. Plaintiff opposes the request, stating his ignorance of the law and applicable rules has prevented him from properly presenting a meritorious claim of excessive force. [Doc. 51].

## II. LEGAL STANDARD

Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). But relief under Rule 59(e) is an "extraordinary remedy" reserved for circumstances where the moving party sets forth facts and/or law indicating that the court's prior ruling should be reversed. *Harris v. Perry*, No. 2:12-CV-02668, 2016 WL 5396701, at *3 (W.D. Tenn. Sep. 27, 2016). The Sixth Circuit has made clear that the standard for manifest injustice is an exacting standard, and that a meritorious Rule 59(e) motion must "clearly establish a manifest error of law." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

## III. ANALYSIS

In support of their motion, Defendants note that the Sixth Circuit has held that "[a] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). However, the choice to dismiss this action with or without prejudice lies in the discretionary power

2

of the Court. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990) ("The grant of a 12(b)(6) motion is an adjudication on the merits, unless the district court specifies the dismissal is without prejudice. The decision to dismiss with prejudice is a harsh sanction, but the choice lies within the discretionary power of the district court, and we will not reverse absent a clear showing of abuse of discretion." (citations omitted)). And "[d]ismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021); *see also Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ("Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable.").

Here, the Court granted Defendants' motion to dismiss after finding the pro se prisoner Plaintiff failed to set forth a sufficient factual basis for his excessive force claims. [*See* Doc. 48 at 6–8]. Plaintiff may be in possession of facts that, if presented, would state an excessive force claim against Defendants. The same facts might demonstrate that Defendants did not violate Plaintiff's constitutional rights. Either way, it is not clear to the Court that Plaintiff's complaint "could not be saved by an amendment." *Stewart*, 990 F.3d at 457.

Therefore, the Court finds that Defendants have not demonstrated that the Court made a clear error of law resulting in manifest injustice to Defendants by dismissing this action without prejudice.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion [Doc. 50] is **DENIED**.

3

Case 3:24-cv-00398-CEA-JEM    Document 52    Filed 11/13/25    Page 3 of 4    PageID #: 224

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE**